IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RYAN R. BAILEY,<br><br>               Plaintiff,<br>v.<br><br>RECONTRUST COMPANY, N.A. et al.,<br><br>               Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:10-cv-1234 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

      Before the court is Defendants' Motion to Dismiss[1] and Movant Earl R. Koskella's Motion to Intervene.[2] As outlined below, the court recommends that both motions be GRANTED.

      The court finds it unnecessary to repeat the facts of this case in detail as they are sufficiently set forth in Plaintiff's Complaint and in Defendants' Memorandum in Support of their Motion to Dismiss. In short, Plaintiff borrowed funds to purchase property in Lehi, Utah in September 2006. Mr. Bailey signed the notes and deeds of trust necessary to complete the transaction. In May 2010, a Notice of Default was entered. On approximately August 26, 2010, Mr. Bailey purportedly transferred an interest in the property to Earl Koskella. And, in December 2010, this case was removed from state court to this court.

### I.    Motion to Intervene

      Earl R. Koskella, an alleged real party in interest, seeks to intervene in this case.[3] "Defendants do not object to Mr. Koskella submitting himself to the jurisdiction of this Court in

---

[1] Docket no. 13.

[2] Docket no. 15.

[3] Docket no. 15

this matter."[4]  Although it is not entirely clear from Mr. Koskella's pleadings that he is entitled to intervene, based upon Defendants' position, the Court RECOMMENDS that Mr. Koskella's Motion to Intervene be GRANTED.

**II.     Defendants' Motion to Dismiss**

Pursuant to Federal Rule 12(b)(6), Defendants ReconTrust Company, N.A. (ReconTrust), BAC Home Loans Servicing, LP (BAC), and Mortgage Electronic Registration Systems, Inc. (MERS) (collectively Defendants) move the court for an order dismissing all of Plaintiff's claims against Defendants with prejudice, on the merits and without leave to amend.[5]

At the outset, the court notes that Defendants' motion to dismiss was filed on February 1, 2011, and as of the date of this decision, there has been no opposition filed.  Under the local rules, a memorandum opposing a motion filed pursuant to 12(b) must be filed within twenty-eight (28) days after service of the motion.[6]  Failing to file a timely response is grounds for the Court to grant a motion.[7]  Thus, based upon Plaintiff's failure to oppose Defendants' Motion to Dismiss, the court is justified in granting the motion.  But, because Defendants seek to dismiss Plaintiff's Complaint with prejudice and without leave to amend, the court finds it proper to further consider Plaintiff's Complaint and Defendants' Motion to Dismiss.

Mr. Bailey is proceeding pro se,[8] so the court construes his pleadings liberally and holds his submissions to a less stringent standard than that for formal pleadings drafted by lawyers.[9] "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff

---

[4] Response p. 2, docket no. 19.

[5] Docket no. 13.

[6] DUCiv 7-1(b)(4) (2010) (all citations to the local rules are to the 2010 edition).

[7] *Id.* at 7-1(d).

[8] There is some indication in the record that Mr. Bailey may have not personally filed the Complaint.  Nevertheless, based on the evidence currently before it, the court presumes that Mr. Bailey did file the Complaint.

[9] *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[10] But, it is not the court's responsibility to assume the role of advocate for Mr. Bailey.[11] The broad reading of Mr. Bailey's Complaint does not relieve him of the burden of "alleging sufficient facts on which a recognized legal claim could be based.[12] And finally, often a pro se litigant is given an opportunity to remedy the defects in their pleadings,[13] but such an opportunity is unnecessary "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[14] With these principles in mind the court now turns to Mr. Bailey's Complaint.

Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[15] As held by the Supreme Court in *Bell Atlantic Corp. v. Twombly*,[16] the pleading standard set forth in Rule 8 does not require "detailed factual allegations," but it demands more than the all-too-common plain-vanilla the defendant unlawfully harmed me accusation.[17] A complaint that offers little more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

---

[10] *Id.*

[11] *See id.*

[12] *Id.*

[13] *See e.g., Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985).

[14] *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).

[15] Fed. R. Civ. P. 8(a)(2) (2010) (all citations to the Federal Rules are to the 2010 revised edition).

[16] 550 U.S. 544 (2007).

[17] *See id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

do."[18]  Nor is it sufficient to offer "naked assertion[s]" devoid of "further factual enhancement."[19]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'"[20]  When evaluating a motion to dismiss under Rule 12(b)(6), the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."[21]  The court, however, need not consider allegations which are conclusory or that "do not allege the factual basis" for the claim.[22]  And, courts are "not bound to accept as true a legal conclusion couched as a factual allegation."[23]

In his Complaint, Plaintiff alleges the following causes of action: 1) standing of parties on the first mortgage deed of trust; 2) filing of false documents; 3) fraud by inducement; 4) intrinsic fraud; 5) conversion; and 6) constructive fraud.

Based on a broad reading of Plaintiff's Complaint, it appears that Plaintiff first seeks to claim that Defendants lack standing to foreclose.  This broadly labeled "cause of action" fails as a matter of law.  First, there is no cause of action entitled "standing of parties."  And second, this court has already rejected arguments concerning standing raised by plaintiffs in similar cases.[24]

---

[18] *Id.*

[19] *Id.* at 557.

[20] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 547).

[21] *David v. City of Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

[22] *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

[23] *Papasan*, 478 U.S. at 286

[24] *See e.g., Marty v. Mortgage Electronic Registration Systems*, 2010 WL 4117196, *6 (D.Utah Oct. 19, 2010) (slip copy) (rejecting argument that MERS did not have standing because "MERS is undoubtedly a party with whom or in whose name a contract has been made for another's benefit as evidenced by the First Trust Deed" (internal citations and quotations omitted).

In similar fashion, Plaintiff's challenges to MERS's ability to act on behalf of the lender or its successors and assigns and MERS's ability to act through certifying officers under a corporate resolution have been rejected by courts.[25] Likewise, Plaintiff's assertion that the MERS system somehow "splits" the note and trust deed has also been rejected by courts, including this court on numerous occasions.[26] Moreover, none of the cases cited to by Plaintiff are applicable to the instant case because those cases had materially different circumstances than those presented here.

Next, Plaintiff's claims concerning the filing of a false document are not permitted because the criminal statute Plaintiff points to does not confer a private right of action.[27] Additionally, the court finds Plaintiff's claims concerning whether or not the Trust Deed was notarized after he signed it meritless. The record indicates that Mr. Bailey signed the Trust Deed and so it was effective as to him and could be recorded. Thus, Plaintiff's filing of false documents claim fails as a matter of law.

In three separate causes of action, Mr. Bailey asserts claims for fraud by inducement, intrinsic fraud, and constructive fraud. To state a claim for fraud Plaintiff must show "a false representation of an existing material fact made knowingly or recklessly for the purpose of

---

[25] *See Burnett v. Mortgage Electronic Registration Systems, Inc.*, No. 1:09-cv-69, 2009 WL 3582294, at *4 (D. Utah Oct. 27, 2009) (holding that MERS is able to take any actions required of the lender, including the assignment of the lender's interest, substitution of the trustee, and initiation of foreclosure proceedings); *Bain v. Metro. Mortgage Group Inc.*, 2010 WL 891585, at *1, *6 (W.D. Wash. Mar. 11, 2010); *Southam v. Lehman Bros. Bank FSB et al.*, No. 2:10-cv-45, 2010 WL 3258320, at *3 (D.Utah Aug. 17, 2010); *Foster v. BAC Home Loan Servicing*, No. 2:10-cv-247, 2010 WL 3791976, at *3 (Sept. 22, 2010).

[26] *See Rodeback v. Utah Financial,* No. 1:09-cv-134, 2010 WL 2757243, at *4 (D.Utah July 13, 2010); ); *King v. American Mortgage Network*, No. 1:09-cv-162, 2010 WL 3222419, at *3 (D.Utah Sept. 2, 2010); *Marty v. Mortgage Electronic Registration Systems, Inc*., No. 1:10-cv-33, 2010 WL 4117196, at *8 (D.Utah Oct. 19, 2010).

[27] *See Milliner v. Elmer Fox & Co.*, 529 P.2d 806, 808 (Utah 1974); *Cline v. State Div. of Child and Family Servs.*, 142 P.3d 127, 136 (Utah App. 2005).

inducing reliance thereon, upon which there was reliance to the innocent party's detriment."[28] Under Rule 9(b) of the Federal Rules, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[29] In essence, a plaintiff must plead facts which "show how, when, where, to whom, and by what means the representations were tendered."[30] "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'"[31]

Here, Plaintiff fails to meet this threshold level as to all of his claims involving fraud. Additionally, even the allegations Plaintiff does raise are at times indecipherable and do not comport with the record before the court. Thus, the court finds these claims also fail as a matter of law.

Finally, Plaintiff's conversion claim is also meritless. "A conversion is an act of willful interference with a chattel, done without lawful justification by which the person entitled thereto is deprived of its use and possession."[32] Plaintiff fails to plead facts showing that he had a right to possession of the property and Plaintiff's allegations involving IRS forms are patently frivolous.

In sum, Mr. Bailey's Complaint fails to allege sufficient facts on which a recognized legal claim could be based.[33] And, based on the facts alleged, the court finds it is patently

---

[28] *Horton v. Horton*, 695 P.2d 102, 105 (Utah 1984*); see also Dugan v. Jones*, 615 P.2d 1239, 1246 (Utah 1980); *Schwartz v. Tanner*, 576 P.2d 873, 875 (Utah 1978); *Pace v. Parrish*, 122 Utah 141, 247 P.2d 273, 274-75 (1952).

[29] Fed. R. Civ. P. 9(b).

[30] *Hills Trans. Co. v. Southwest*, 266 Cal.App.2d 702, 707 (1968).

[31] *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (quoting *Moore v. Kayport Package Express, INc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

[32] *Allred v. Hinkley*, 8 Utah 2d 73, 76 (Utah 1958).

[33] *See Twombly*, 550 U.S. at 555.

obvious that Mr. Bailey cannot prevail, so allowing him an opportunity to amend the complaint is unnecessary.[34]

## RECOMMENDATION

Based upon the foregoing, the court RECOMMENDS that Mr. Koskella's Motion to Intervene be GRANTED. The court FURTHER RECOMMENDS that Defendants' Motion to Dismiss be GRANTED. Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within 14 days after being served with a copy.[35] Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 14 April 2011.

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge

---

[34] *See McKinney*, 925 F.2d at 365.

[35] *See* Fed. R. Civ. P. 72(b)(2).